IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA

Demone Coleman,           X
         Plaintiff,

    -vs-

United States of America,
         Defendant.
                          X

13-1573

FILED
SCRANTON

JUN 1 2 2013

Per_____
DEPUTY CLERK

---

Federal Tort Claim Act U.S.C. 2676

---

## CIVIL RIGHTS COMPLAINT BY A FEDERAL PRISONER

Demoné Coleman currently resides at U.S.P. Canaan, P.O. Box 300, Waymart, P.A. 18472. The plaintiff is acting in pro-se capacity and request that this claim be construed liberally under Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed. 2d 652 (1972) also; Doolittle v. Holmes, 306 Fed Appx 133 (2009).

### Introduction

This is a civil action being filed in compliance with the Federal Tort Claims Act 28 U.S.C. 2676-79. Before this act was federally created agency's could be sued for it's torts if Congress had given the agency power to "sue and be sued". Under FTCA, however;

  [authority of any federal agency to sue or be sued in it's own name
     shall not be construed to authorize suits against such federal
     agency on claim which are cognizable under 28 U.S.C. 1346(b)]

Instead, the remedies provided by the FTCA are the exclusive remedy for claims that are cognizable under 28 U.S.C.A. 1346(b), which grants the federal district court jurisdiction over tort claims against the United States.

1

Jurisdiction

This action is being brought pursuant to the Federal Tort Claims Act under title 28 U.S.C. 2671 thru 2679.

Facts

The plaintiff listed above is currently residing at U.S.P. Canaan, P.O. Box 300, Waymart, P.A. 18472. The plaintiff has individually filed [i.e. exhausted remedy] standard 95 as required under FTCA.

The defendant, United States is being sued directly for negligence, negligence per se, wrongful acts or omission of any employee of the government while acting within the scope of his office or employment. Can be served at Office of General Counsel, Federal Bureau of Prisons, 320 First Street, N.W. Washington, D.C. 20530.

On or about June 25, 2011. Demone Coleman and other inmates not mentioned went to mainline and consumed a poultry product [i.e. chicken fajitas] that was spoiled and/or contaminated with "Salmonella Bacterial Poisoning." Demone Coleman and other inmates not mentioned ingested the Salmonella bacterail poison by way of chicken fajitas.

On or about June 26, 2011, Demone Coleman and other inmates not mentioned began to suffer excrutiating pain and symptoms which included but were not limited to severe headaches, diarrhea, abdominal pains, nausea, chills, vomitting, inability to eat, and profuse sweating.

During the emergency lockdown, Demone Coleman was given Gatorade and two asprins "one time". However, was still being fed meals from the contaminated kitchen which made the sickness [Salmonella bacteria poison] re-enter the plaintiff's body after being provided with Gatorade and asprin.

The Health Inspector after being notified by Wayne Memorial Hospital, following CDC policies and/or regulations came to U.S.P. Canaan and closed the kitchen here until they sanitized the food service department and passed inspection.

2

The institution at [U.S.P. Canaan] stayed on emergency lockdown and/or restrictive movement status from June 26, 2011 through July 13, 2011. The institution failed two inspection and fired approximately 150 inmates who worked in the kitchen and were also poisoned.

On or about July 11, 2011, the kitchen here passed it's third inspection and could now operate. On or about July 13, 2011, the kitchen held an orientation for the remaining 60 kitchen workers (inmates).

The plaintiff remained sick and disoriented during June 26, 2011 through July 13, 2011. The plaintiff was not requested to provide a stool sample [for culture testing] and/or blood test in order to diagnos properly the plaintiff's illness. However, if an inmate did in fact work in food service and contracted the Salmonella food poisoning, that inmate had to take a stool sample in order to be cleared to work for food service once again.

### Salmonella poisoning, staff negligence, and deliberate refusal to treat plaintiff for symptoms

1) Under 18 U.S.C. 4041 & 4042(a)(2) the Bureau of Prisons has mandated duty to provide healthy and nutritious meals to all inmates here at U.S.P. Canaan.

2) On June 25, 2011, the B.O.P. was in breach of it's mandated duties under the policies and regulation implemented by Congress when they served the plaintiff and other inmates not mentioned, inadequate, spoiled and other wise unhealthy food.

3) As a proximate result from their negligence, the above mentioned plaintiff and other unmentioned inmates received Salmonella bacterial poisoning.

4) As a proximate result from this breach in mandated duties the plaintiff inmate's right's were violated.

A. Plaintiff has the right to expect that staff and/or other personnel

3

will treat the plaintiff as a human being in a respectful, impartial and fair manner.

B. Plaintiff has the right to be informed and know the rules and procedures and/or schedules concerning the operation of this institution.

C. Plaintiff has the right to health care which includes nutritious meals, etc. etc.

5) Paragraph 4(a) was breached when placed under "emergency lockdown quarantine" status and was denied adequate medical attention.

6) Paragraph 4(b) was breached when the warden failed to pass out memorandum's providing the inmates with notices that the institution was on lockdown status and how long the status was going to last.

7) Paragraph 4(c) was breached when the plaintiff was served inadequate, spoiled and otherwise unhealthy food from an unsanitary kitchen that was contaminated and that contamination made the plaintiff ingest Salmonella poisoning.

8) As a direct and proximate result of plaintiff being infected with the Salmonella bacteria due to U.S.P. Canaan staff negligence, the plaintiff suffered severe and extremely painful symptoms that included fever, vomiting, diarrhea, nausea, chills and bone and muscle pain. Further, the above mentioned plaintiff was forced to endure the pain associated with the above mentioned symptoms in which plaintiff suffered by being infected with "Salmonella bacteria".

9) The actions and omissions of U.S.P. Canaan staff on June 25, 2011 in preparing and serving food to the plaintiff and others in the inmate population in whole, amounts to gross negligence, a failure to adequately train and the denial of plaintiff's mandatory rights as provided under 18 U.S.C. 4042. Further, the intentional denial of providing plaintiff with necessary medical treatment for his illness constitute negligence, medical neglect.

10) The United States is responsible under FTCA for the acts described herein based on the wrongful act or omissions of the federal employees acting within the scope of duty he/she owes to his/her employer and the conduct is the type that he/she was hired to do.

11) Pursuant to 28 U.S.C. 2675(b) and 28 C.F.R. 142, the undersigned plaintiff is required to request a specific sum certain for the damages [he] sustained, and therefore the above mentioned plaintiff have requested specific damages and/or settlement with the agency responsible [bureau of prisons] for Salmonella poisoning, staff negligence, and deliberate refusal to treat plaintiff for symptoms.

### Damage Sought

### Affidavit in support of claims made

For the facts stated in this civil complaint is within their personal knowledge and are true and correct.

The above plaintiff declare under the penalty of perjury under the laws of the United States of America that the above mentioned is true and correct.

Executed on this day ___June 10th___ of 2013

Signature _Demone C Coleman_
Demone Coleman
#26084-038

5

Demone Coleman
#26084-038
U.S.P. Canaan
P.O. Box 300
Waymart, P.A. 18472



LEHIGH VALLEY PA 180
11 JUN 2013 PM 3 L

RECEIVED
~~Proclamation~~
JUN 12 2013
PER _____ DEPUTY CLERK

Office Of The Clerk
United States District Court
Middle District Of Pennsylvania
235 North Washington Avenue
P.O. Box 1148
Scranton, P.A. 18501-1148